In The
# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division



MICHAEL A. SCOTT, *pro se*

**Plaintiff**

vs.  Civil Action No. <u>2:09cv516</u>

US BANK, NA, et al.

**Defendants**

### MOTION TO FILE OBJECTION TO SHOW CAUSE HEARING, OBJECTION TO SHOW CAUSE HEARING, AND INCORPORATED MEMORANDUM

Plaintiff Michael A. Scott, proceeding *pro se*, moves the Court for entry of an order granting him leave to file an objection to the show cause ordered by the Court in its September 23, 2010 Order; and further, plaintiff submits his objection to the said show cause below and for the reasons stated moves the Court for entry of an Order withdrawing its requirement for him to show cause why another pre-filing injunction should not be entered against him.

### PRELIMINARY STATEMENT

Plaintiff need not bother to rehash herein, though he vehemently disputes for the reasons stated below, each of the myriad of findings by the Court as to why "a more restrictive pre-filing injunction is necessary." *Order*, p. 10. Plaintiff will focus on only a couple of findings stated by the Court to justify "a more restrictive pre-filing injunction."

First, the Court has already imposed an additional pre-filing injunction against plaintiff by, as the Court noted, "requiring Plaintiff to file for leave to file any additional motions" and doing so without any prior notice to him or an opportunity for him to respond before such restrictions were imposed. On this point, the law is clear as to plaintiff's due process right to notice and opportunity

for a hearing before his court access was restricted. Certainly, the Court should immediately right this constitutional wrong and is being asked to do so.

Second, the Court noted that in the years since issuing the 2004 pre-filing injunction against plaintiff, he "has attempted to circumvent the Court's pre-filing injunction." *Order*, p. 11. Plaintiff submits that this finding represented a specific reference to what the Court stated under the "facts" part of its Order: "As Virginia Beach I contained federal claims, the Virginia Beach I Defendants removed the case to this Court. By Order entered March 14, 2008, this Court dismissed Virginia Beach I as being brought in an attempt to circumvent this Court's 2004 pre-filing injunction, and therefore, in violation of that Order." *Order*, p. 2. In the March 14, 2008 Order, Civil Action No. 2:08cv97, the Court stated: "Plaintiffs are subject to sanctions for violations of this Court's pe-filing [sic] injunction. However, on this occasion only, the Court will grant Plaintiffs, who are *pro se*, the benefit of not understanding that a cause of action filed in state court may be removed to federal court if the cause of action raises federal claims or questions." In effect, the Court has already found that plaintiff violated the pre-filing injunction in connection with Virginia Beach I and that he was subject to sanctions for such conduct, but did not impose any sanctions beyond dismissal of the complaint. Plaintiff submits that this Court cannot resurrect this event for which it has already punished plaintiff to justify the imposition of further sanctions by way of another pre-filing injunction without violating his equal protection rights and subjecting him to double jeopardy, and fouling underlying principles of *res judicata* and *collateral estoppel.*

I. **The Court Has No Authority To Impose A Second Pre-Filing Injunction**

There are no new findings by the Court with regards to plaintiff's litigation that has occurred in this Court since the 2004 pre-filing injunction was entered. Excepting the finding that plaintiff attempted to circumvent the 2004 pre-filing injunction in Virginia Beach I, the matters recited by the Court to justify a more restrictive pre-filing injunction do not represent any material change in

2

circumstances since the 2004 pre-filing injunction. Indeed, the Court relied on similar justification regarding plaintiff's litigation when it entered the 2004 pre-filing injunction, which is a permanent pre-filing injunction. See *United States v. Swift & Co.*, 286 U.S. 106, 52 S.Ct. 460, 76 L.Ed. 999 (1932) ("The injunction, whether right or wrong, is not subject to impeachment in its application to the conditions that existed at its making."). The more restrictive pre-filing injunction proposed by the Court is little more than an impermissible modification of the 2004 pre-filing injunction, which itself swept broad and impermissibly impinged on plaintiff's access to state courts, i.e., Virginia Beach I and the implicit requirement that Scott should have sought leave in this Court to file that case in state court since it included a claim under federal law. See *Sieverding v. Colorado Bar Ass'n*, 469 F.3d 1340, 1344 (10th Cir. 2006) ("[I]t is not appropriate for a federal district court to restrict access to the state courts."). Congress provided for concurrent jurisdiction between state and federal courts on plaintiff's federal claims thus far and this Court should not restrict his access to state court under the guise of federal court litigation as is the case in the 2004 pre-filing injunction. Any modification of the 2004 pre-filing injunction or issuance of a more restrictive pre-filing injunction would run against principles of law-of-the-case and *res judicata*, not to mention double jeopardy as noted above.

## II. A More Restrictive Pre-Filing Injunction Would Be A Criminal Sanction

The substance of the underlying reasoning the Court has ordered plaintiff to show cause why a more restrictive pre-filing injunction should not be entered cannot be understated.[1] Specifically, the heavy reliance on the Court's previously adjudicated finding that plaintiff violated the 2004 pre-filing injunction when he filed Virginia Beach I in the state court transforms the more restrictive pre-filing injunction into a criminal punishment of plaintiff since it was the Court (and not any party) that raised and relied on the matter to justify its *sua sponte* action ordering him to show

---

[1] No where in the Court's show cause Order did it indicate that any of the defendants would or should participate in the show cause paving the way for the Court to impermissibly present evidence to itself and then sit in judgment of that evidence. This has the ingredients of a criminal contempt proceeding.

3

cause to aid the vindication of the Court's authority. Clearly, the more restrictive pre-filing injunction would not be a permissible sanction against plaintiff for having violated the 2004 pre-filing injunction. *See* 18 U.S.C. § 401 ("A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority...."). Furthermore, plaintiff should be accorded due process notice and a jury trial if he has to defend against the Court's finding that he violated the 2004 pre-filing injunction.

### III. The More Restrictive Pre-Filing Injunction Would Violate Due Process, Equal Protection And First Amendment And Is Overly Broad

Though plaintiff did not appeal the 2004 pre-filing injunction, it and Rule 11 of the Federal Rules of Civil Procedure are plenty adequate.[2] The more restrictive pre-filing injunction would severely burden plaintiff's already restricted access to this Court by the possibility of requiring him to "submit additional facts or evidence, beyond what is required by the Federal Rules of Civil Procedure for filing of a Complaint." *Order*, p. 12. Not only would this requirement impermissibly change these rules solely for plaintiff (a violation of the Equal Protection Clause and his rights there under), but this would be extraordinarily burdensome to his ability to access the federal court in the eastern district of Virginia and subject his claims to being lost to the statute of limitations and effectively shortening his statute of limitations for claims as compared to other litigants.[3]

---

[2] The pre-filing injunction, authority under Rule 11 along with the unconstitutionally imposed pre-filing requirement that plaintiff seek leave to file a motion in this case should preclude the modification of or implementation of a more restrictive pre-filing injunction as the Court has already implemented a scheme of alternative sanctions against plaintiff resulting in an inability to meet the alternative sanctions element stated in *Kromer v. Kraft Foods N. America, Inc.*, 390 F.3d 812, 818 (4th Cir. 2004) yet again.

[3] Indeed, after this Court dismissed Virginia Beach I, Civil Action No. 2:08cv97, on March 14, 2008, plaintiff filed a motion for relief from judgment on or about March 20, 2008 on which this Court has never ruled. By letter dated April 28, 2008, plaintiff wrote to the clerk of this Court inquiring about this motion and by letter dated May 8, 2008, the clerk notified plaintiff that this "motion is under advisement" and that he would "be notified of any action taken in this case." Now, *more than 31 months later*, plaintiff has not yet been notified that the Court ruled or took any action on the motion and seriously doubts that the Court has ever ruled on the motion. In a separate matter submitted by plaintiff pursuant to the 2004 pre-filing injunction, it took the Court *more than a year* to respond to plaintiff's leave request that resulted in certain of his claims in that proposed complaint falling to the statute of limitations. On other similar occasions when plaintiff has sought leave pursuant to the 2004 pre-filing injunction, he has been subjected to long delays about which this Court is certainly aware and need look no further than at its own docket relative to plaintiff's leave

4

Furthermore, the more restrictive pre-filing injunction would deprive plaintiff of any opportunity to make an argument that his claims are "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11.[4] By requiring plaintiff to "submit additional facts or evidence" in order to justify his claims before being filed in active litigation would deny him due process, equal protection and a jury trial without the defendant(s) ever knowing that it (or they) has (have) been the subject of a proposed complaint and won the suit were the Court to deny under the guise of discretion plaintiff's request to file the complaint.[5]

Both the 2004 pre-filing injunction and the more restrictive pre-filing injunction proposed by the Court sweep unconstitutionally broad and are not "carefully tailored to address the specific circumstances presented." _Tinsley v. Moore Business Forms, Inc._, 28 F.3d 1210 (4th Cir. 1994) (citation omitted). In considering a similar pre-filing injunction, the _Tinsley_ Court stated: "The injunction in this case prohibits Tinsley 'from filing further civil actions without permission of this court.' This language 'has no borders.' Indeed, Tinsley apparently is barred indefinitely from filing any lawsuits without the court's permission. Thus, the terms of the injunction are not related to the circumstances giving rise to the injunction. This is improper." _Id._ (citation omitted). The language

---

requests. The existing pre-filing injunction has already been injurious to plaintiff's due process, equal protection, jury trial and court access rights and to further restrict plaintiff offers no hope of preventing further injury to him by this Court, particularly with the added ingredient of judicial discretion underpinning the more restrictive pre-filing injunction.

[4] The Court dismissed plaintiff's Eight Amendment claim on the grounds that "only incarcerated persons are protected from cruel and unusual conditions under the Eight Amendment." _Order_, p. 8. None of the defendants ever addressed directly any of plaintiff's constitutional amendment claims, including the Eight Amendment, which he pointed out in his opposition to their motions to dismiss. Plaintiff's claim under the Eight Amendment was for excessive fines, not cruel and unusual punishment. This misinterpretation of plaintiff's claims epitomizes why he should be allowed due process to at least make an argument to express his position on his claims. Here, the Court denied plaintiff that right and in the process denied him due process.

[5] "But does the district court have authority to make findings that severely curtail access to the federal court, not only for plaintiff but also for his lawyers and their other clients (present and future), without swearing in a single witness? Without giving notice and an opportunity to present evidence? Without cross-examination? Without any of the other rudiments of due process? Isn't Molski at least entitled to get on the stand, look the judge in the eye and tell his story?" _Molski v. Evergreen Dynasty Corp._, 521 F.3d 1215 (9th Cir. 2008) (Kozinski, Chief Judge, dissenting). These questions would become particularly relevant here with a more restrictive pre-filing injunction that required plaintiff to submit proof and other evidence with his proposed complaint as a prerequisite and condition to obtaining leave.

5

of the 2004 pre-filing injunction and the proposed more restrictive pre-filing injunction mirrors that rejected by the *Tinsley* Court.

Thus far, plaintiff's filings in this Court have been subjected to review by a single district judge to the exclusion of all other district judges of this Court. The same district judge imposed the 2004 pre-filing injunction, the requirement that plaintiff seeks leave to file motions in this case, and issued the show cause Order seeking to impose a more restrictive pre-filing scheme. These Orders should "not be the handiwork of a single judge, subject only to cursory supervision by the court of appeals, but a shared responsibility of the court's judges, as such orders should be." *Molski*, 521 F.3d at 1220. "Enforcement of the order, too, should not be entrusted to the judge who entered it, as he may take an *unduly broad view as to its scope.* Far wiser, and fairer, to have other judges, drawn at random, enforce the order in future cases." *Id.* (emphasis added).[6] Plaintiff is being deprive of equal treatment by the behind-the-scenes decisions of this Court to allow a single judge decide all matters involving plaintiff.

## CONCLUSION

For the foregoing reasons, plaintiff requests respectfully that the Court enter an Order granting leave to file the foregoing objections to show cause, and to file the objection to show cause. Plaintiff further requests that the Court enter an Order withdrawing the show cause, lifting the pre-filing requirement for plaintiff to seek leave of Court to file motions in this case, and exercise its discretionary power under Rule 60 to modify the 2004 pre-filing injunction's reach into the state court.

---

[6] An example of taking an unduly broad view as to the scope of the 2004 pre-filing injunction by the district judge who entered it occurred in the course of plaintiff's 5 month effort seeking leave to file this case. The 2004 pre-filing injunction precluded plaintiff from filing suit in this Court against among others Wells Fargo Home Mortgage, Inc. (not Wells Fargo Bank, NA, its parent) and Samuel I. White, P.C. (not its employees in their individual capacity). Yet, the Court construed its Order broadly beyond the specific language adopted to reject plaintiff's request to include Wells Fargo Bank, NA and employees of Samuel I. White, P.C. in their individual capacity.

Respectfully submitted,

*[signature: Michael A. Scott]*

Michael A. Scott
Plaintiff, *pro se*

P. O. Box 6872
Virginia Beach, Virginia 23456-0872
757.831.7374
Email—myscottfamily@msn.com

## CERTIFICATE OF SERVICE

I certify that the foregoing Motion was sent as indicated on this 3rd day of November 2010 to the following:

**WILLCOX & SAVAGE, P.C.**
**CONRAD M. SHUMADINE**
**TWCC HOLDING CORPORATION**
c/o Gary A. Bryant, Esquire          (Email)
440 Monticello Avenue, Suite 2200
Norfolk, Virginia 23510-2197

**KAUFMAN & CANOLES, P.C.**
**STANLEY G. BARR, JR.**
**R. JOHAN CONROD, JR.**
**MERS CORPORATION, INC.**
**US BANK, NA**
**DLJ MORTGAGE CAPITAL, INC.**
c/o Stanley G. Barr, Jr., Esquire    (Email)
150 West Main Street, Suite 2100
Norfolk, Virginia 23510

**CHARLES E. POSTON**
c/o Christy W. Monolo, Esquire       (Email)
Assistant Attorney General
900 East Main Street
Richmond, Virginia 23219

**WILLIAM M. CLARK**
**NANCY A. CLARK**
c/o M. Scott Stein, Esquire          (Email)
Stein & Stein, P.C.
P. O. Box 12265
Newport News, Virginia 23612

_/s/ Michael A. Scott_
Michael A. Scott, Plaintiff, *pro se*